Annabelle **JENKINS** and Edward N. Jenkins, her husband, Plaintiffs,

v.

Mildred **FANDAL**, Defendants,

v.

Edward N. **JENKINS**, Third-Party Defendant.

Civ. A. No. 63–921.

United States District Court
W. D. Pennsylvania.
June 8, 1965.

Joseph B. Steele, Stokes, Lurie & Tracy, Pittsburgh, Pa., for plaintiffs.

Wallace E. Edgecombe, Royston, Robb, Leonard, Edgecombe & Miller, Pittsburgh, Pa., for defendant.

WEBER, District Judge.

In this case we have a defendant's post-trial motion to dismiss and strike the judgment on a verdict of $2,000 for the wife-plaintiff for the reason that the case does not meet the requisite jurisdictional conditions for the amount in controversy in a diversity action. The wife plaintiff in this action recovered a verdict of $2,000 against the original defendant and against her husband who had been joined as third-party defendant. Her husband's action as plaintiff was dismissed at the end of plaintiff's testimony on the grounds that he had convicted himself of contributory negligence as a matter of law. The wife's claim for damages, therefore, is based upon pain, suffering and inconvenience, past, present and future, and for future loss of earning power. The question of the jurisdictional amount was raised by counsel for the defendant in an unreported colloquy in chambers between counsel and the Trial Judge, but the Court feels that the motion made at this time is timely for consideration since a question of jurisdiction may be raised at any time.

Defendant bases his motion on the evidence which minimized or reduced the extent of plaintiff's claimed injuries. Immediately following the accident the plaintiff did not appear to have sustained a substantial injury because she was able to resume her trip by automobile to Richmond, Virginia. However, she testified that she stayed in Richmond only four days instead of a contemplated two week visit because of the discomfort and pain which she was suffering from her back injury which she treated with a rubbing oil compound and medicine to kill the pain. Defendant further raises the point that she did not consult any physician from the date of the accident, July 31, 1963 until August 20, 1963. However, thereafter, for a considerable period of time she was treated by a Dr. Matz, a chiropractor, for a continuing back ailment. Dr. Matz testified to her continuing disability, its causal relation to the accident, and its probable future continuance. His diagnosis was of a hyper-flexion and extension of the spine, in other words, the combination of symp-

toms which are generally classified as "whip-lash" injuries. The defendant produced medical testimony to show that the plaintiff shows no present symptoms which are clearly related to the injury but which are more likely related to the pre-existing physical condition of the plaintiff, primarily her extreme obesity and consequent disturbance of her posture and spinal column. Plaintiff's evidence as to loss of future earning power was slight but she testified that she had in years past taken in some ironing work for pay and that she intended in the future when their adopted daughter would be old enough to require less care to do some further domestic work for wages. We think that the jury might have properly considered this evidence and that they were properly instructed as to this fact.

The plaintiff's testimony covered the range of activities which she engaged in prior to the accident which included all her domestic work and the maintenance of a vegetable garden for the family where she did the heavy work of spading, digging and using a pick-axe. She testified that since the accident she has been unable to maintain a garden and has been unable to do all her own housework and requires the help of other women to do this work. Monetary damages for this expenditure was disallowed as being part of the husband's claim.

■■ We feel that all of the allegations of the complaint as to the wife's pain, suffering, discomfort and disability are supported by some evidence and that these were properly for the consideration and evaluation by the jury. The fact that the jury's verdict is in an amount of less than $10,000 does not establish to any degree that the claim was made in bad faith nor does it oust the court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

■ For a determination of the issue here we must assess the amount in controversy as measured at the time of commencement of the action. As was stated in Conley v. Gibson, 355 U.S. 41, at p. 45, 78 S.Ct. 99, at p. 102, 2 L.Ed. 2d 80:

> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

There is no allegation here that the plaintiff's claim was made in bad faith. Therefore, under the doctrine re-affirmed in a large body of cases we are limited to the determination of whether or not, to a legal certainty, there are no set of facts which the plaintiff could produce in support of her allegations to substantiate a demand in excess of $10,000. While the jury awarded the plaintiff $2,000 after evaluating her testimony and the testimony of the defendant opposing her claim, there is nothing in the record of the case to show that to a legal certainty it would be impossible for her to produce evidence in support of her allegations in the complaint of damages in excess of $10,000. The jury's verdict is in the evaluation of her damages in the light of her evidence to support, and the defendant's attack on this evidence by cross-examination, and by evidence in chief on its own case.

■ Under all the evidence in this case and on an examination of the pleadings we are unable to say that it appears to be legal certainty that the plaintiff could not have recovered in excess of $10,000 under the allegations made in this complaint.

The motion will, therefore, be denied.